UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH JR.,

Plaintiff,

-against-

ANY AND ALL DOCTORS THAT GAVE THE ORDER TO FORCIBLY INJURE THE PLAINTIFF AND ANY STAFF THAT ASSISTED, et al.,

Defendants.

25-CV-0820 (KMW)

ORDER

KIMBA M. WOOD, United States District Judge:

Plaintiff filed this action *pro se*. By Order dated October 14, 2025, the Court dismissed Plaintiff's complaint with 30 days' leave to replead his claims. (ECF 9.) Plaintiff did not file an amended complaint or other response, and on November 19, 2025, judgment entered. (ECF 10.)

On January 8, 2026, Plaintiff filed a "motion to overturn judgment" (ECF 11), and then on April 28, 2026, Plaintiff filed a motion pursuant to Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure. (ECF 13). After reviewing the arguments in Plaintiff's submissions, the Court denies the motions.

## DISCUSSION

### A. Motion under Local Civil Rule 6.3 and Rule 59(e)

A motion brought under Local Civil Rule 6.3 must be filed "within 14 days after the entry of the court's order being challenged." Local Civ. Rule 6.3. A motion filed under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Here, Plaintiff challenges the judgment entered on November 19, 2025. His motion relying on Local Civil Rule 6.3 and Rule 59(e) was filed on April 28, 2026, which is more than

five months after judgment entered and long after the deadline for bringing such motions expired.[1] Plaintiff's motions under Local Civil Rule 6.3 and Rule 59(e) are therefore denied as untimely.

Because Plaintiff proceeds *pro se*, the Court liberally construes both applications as also arising under Rule 60(b) of the Federal Rules of Civil Procedure.

**B. Motion for Reconsideration under Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct byan opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons set forth in subsections (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court's October 14, 2025 order dismissed Plaintiff's complaint, with leave to replead, on the following grounds: (1) St. Barnabas doctors who determined that Plaintiff needed to be involuntarily medicated, and staff who executed that decision, were private parties not acting under color of state law;[2] (2) Delta Manor Men's Shelter employee Madelyn Estevez was not acting under color of state law in contacting emergency services after Plaintiff's conflict with

---

[1] Plaintiff's "motion to overturn judgment," which does not explicitly rely on Rule 6.3 or 59(e), was filed on January 8, 2026, and therefore was also filed outside the time for bringing such motions.

[2] Plaintiff attached records from St. Barnabas hospital stating, among other things, that he was "[u]ncooperative in the trauma bay [and] difficult to verbally redirect." (ECF 5-1 at 27.)

another resident or in furnishing information; (3) based on the facts alleged, Emergency Medical Technicians (EMTs) Moger and Teo and Doe police officers had reasonable grounds to seize plaintiff under the mental hygiene laws; and (4) the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims.

In his motion, Plaintiff contends that EMTs lacked probable cause to detain him under the mental hygiene laws because he told EMTs that he was not on medication at the time of his seizure and therefore, their assertion that he was failing to take his prescribed medication, was "knowingly false." (ECF 13 at 2.) Courts that have addressed the seizure of an individual under a state's mental hygiene or mental health laws have applied the concepts of "probable cause" that have arisen in criminal Fourth Amendment seizure cases. *See Kerman v. City of New York,* 261 F.3d 229, 241 (2d Cir. 2001) ("[P]olice officers are often forced to make spot judgments about a person's mental health and should be entitled to reasonable leeway in those situations"). "Probable cause can exist even where it is based on mistaken information, so long as the . . . officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *see also Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence" (citation omitted)). Plaintiff contends that the Court failed to consider that, although shelter employee Estevez falsely stated that Plaintiff was noncompliant with medication, he had told the EMTs that he "was not prescribed medication," and therefore they knew that Estevez's statement was false. (ECF 13 at 2.)

In the criminal context, "an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." *Tuccillo v. Cnty. of Nassau*, 723 F. App'x 81, 82 (2d Cir. 2018) (citation omitted); *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006)

("Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." (citation omitted)). By analogy, authorities assessing whether there is probable cause to believe that an individual is a danger to himself or others must act "reasonably and in good faith in relying on" information available, *Bernard*, 25 F.3d at 102. Plaintiff's assertion that EMTs had conflicting information from him and Estevez about whether he was noncompliant with recommended medications does not establish that there was any error in the Court's October 14, 2025 dismissal Order. Plaintiff's compliance or lack of compliance with medication was merely one fact available to the EMTs, and Plaintiff's assertion about information that he provided to EMTs does not establish that they lacked probable cause.

Plaintiff's assertion that he was not prescribed medication also does not alter the Court's conclusion that Plaintiff failed to plead facts showing that Defendant Estevez or St. Barnabas doctors and staff conspired against him, or that they should be considered state actors because of willful joint action. The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motions, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs.*

*of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist warranting relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**CONCLUSION**

Plaintiff's motions (ECF 11, 13) are denied. The Clerk of Court is directed to terminate all motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 30, 3036
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge